J-S16006-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN J. BUSH | : | |
| | : | |
| Appellant | : | No. 1187 WDA 2024 |

Appeal from the Order Dated August 28, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001252-1989

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN J. BUSH | : | |
| | : | |
| Appellant | : | No. 30 WDA 2025 |

Appeal from the Order Entered August 28, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002897-1989

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN J. BUSH | : | |
| | : | |
| Appellant | : | No. 31 WDA 2025 |

Appeal from the Order Entered August 28, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0000953-1989

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY LAZARUS, P.J.:          **FILED: June 9, 2026**

Brian J. Bush appeals *pro se* from the order,[1] entered in the Court of Common Pleas of Allegheny County, denying his petition for a writ of habeas corpus for lack of jurisdiction.[2]  After careful review, we affirm.

On October 9, 1992, Bush entered a guilty plea, on two dockets, to various crimes connected with the gunpoint kidnapping and rape of his victim, a night cashier at a 7-Eleven convenience store.[3]  On November 24, 1992, the now-retired Honorable Donna Jo McDaniel sentenced Bush on all dockets to 5 to 20 years' imprisonment for each count of robbery, kidnapping, rape, and involuntary deviate sexual intercourse—an aggregate sentence of 20 to 80 years in prison.

On June 9, 1998, Bush filed a *pro se* Post Conviction Relief Act (PCRA)[4] petition that the court denied as untimely filed.  Bush filed a collateral appeal

_____

[1] The trial court order appealed by Bush denies his petition for writ of habeas corpus at all three docket numbers.  Our Court ordered Bush to file amended notices of appeal in each case, listing only one trial court docket number in each of the three notices, in order to comply with the dictates of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), and as permitted by **Commonwealth v Young**, 265 A.3d 462 (Pa. 2021).  **See** Order, 12/30/24. Bush complied with our orders in each appeal.

[2] On January 17, 2025, our Court *sua sponte* consolidated these the appeals at 1187 WDA 2024, 30 WDA 2025, and 31 WDA 2025, ordering the parties to file a single brief in the matter.  **See** Pa.R.A.P. 513.

[3] A third case, entered on a separate docket, involved Bush's alleged gunpoint robbery of a male victim at an Arco station in Bellevue.

[4] 42 Pa.C.S.A. §§ 9541-9546.

and our Court affirmed the PCRA court's order. ***See Commonwealth v. Bush***, No. 1972 Pittsburgh 1998 (Pa. Super. filed July 12, 1999) (unpublished memorandum decision). The Pennsylvania Supreme Court denied Bush's petition for allowance of appeal on January 11, 2000. ***See id.***, 749 A.2d 465 (Pa. 2000) (Table).

At the time of his sentencing in Pennsylvania, Bush was serving an eight-year sentence in the state of California. Bush's Pennsylvania sentence was ordered to run concurrently to his California sentence.[5] On September 22, 2019, Bush was extradited to Allegheny County, Pennsylvania, to serve the balance of his Pennsylvania sentence.

On October 28, 2021, Bush filed a *pro se* "Writ of Habeas Corpus," claiming that his due process rights were violated because the commitment papers (DC-300B form) were not signed[6] by Judge McDaniel until 27 years after Bush was sentenced and, therefore, are illegal. ***See*** Writ of Habeas Corpus, 10/28/21, at 4. Counsel was appointed and, on April 11, 2022, filed

---

[5] While serving his sentence in California, Bush was charged with and convicted of crimes in Nevada; he was sentenced to a prison term of 30 years in Nevada. His Nevada sentence was ordered to run consecutively to the California sentence, but concurrently to his Pennsylvania sentence. In November 1994, Bush was paroled on his California sentence, transferred to Nevada, and later, in May 1995, extradited to Louisiana, where he was convicted of additional crimes and sentenced to a term of life in prison. His Louisiana sentence was later vacated and he was released in March 2019.

[6] Bush further claims in the writ that the commitment papers were not in fact signed by the judge but were "rubber stamp[ed] from a judge that had resigned and no longer represented the court and lacked the official capacity to sign such papers." Writ of Habeas Corpus, 10/28/21, at 4.

a brief in support of Bush's writ,[7] claiming Bush's constitutional right to due process had been violated where "Pennsylvania authorities [failed] to timely file [his] commitment paperwork for over a period of 27 years" and the Board of Probation and Parole would not entertain his parole application because the Department of Corrections (DOC) did not have any record that Bush had been serving a Pennsylvania sentence. Defendant's Brief in Support of Petition for Writ of Habeas Corpus, 4/11/22, at 7, 11-13.

The trial court denied the writ on November 30, 2022, finding that it lacked jurisdiction because "the Defendant's quarrel is with the Pennsylvania Board of Probation and Parole (PBPP)." Trial Court Opinion, 11/30/22, at 1. Bush filed an appeal to this Court. Our Court affirmed the trial court's order, concluding that any decisions regarding Bush's release are vested exclusively in the PBPP. *See Commonwealth v. Bush*, 957 WDA 2022 (Pa. Super. filed July 14, 2023) (unpublished memorandum decision). Bush filed a petition for allowance of appeal, which was denied by the Pennsylvania Supreme Court. *See id.*, 317 A.3d 523 (Pa. 2024) (Table).

On April 23, 2024, Bush filed the instant petition for a writ of habeas corpus, again claiming that he is being illegally incarcerated where the DOC has been unable to produce a valid sentencing order. *See* Writ of Habeas

---

[7] Counsel's brief acknowledges that Bush's Pennsylvania case "laid dormant" for almost 25 years from the date his life sentence in Louisiana was vacated until a warrant issued for Bush to be extradited back to this Commonwealth. *See* Defendant's Brief in Support of Petition for Writ of Habeas Corpus, 4/11/22, at 4-5. Counsel also averred in the brief that, due to the fact that there was no record of his commitment to the DOC, he "had not yet been afforded the opportunity to see the parole board in Pennsylvania." *Id.* at 5.

Corpus, 4/23/24, at 2. In this petition, Bush again claimed that the DC-300B form and sentencing order in his case had been forged with a stamp of the trial judge's signature. *Id.* Finally, he asserted that the trial court should "[f]ind the identity of the person(s) and accomplices involved who prompted the clerk [of court] to take this illegal action," and assign Bush counsel so that he can bring criminal charges for such illegal conduct. *Id.* at 7-8. On August 28, 2024, the trial court denied Bush's petition for a writ of habeas corpus, noting that "for the second time [Bush seeks] to have the court order his release from state custody pursuant to a sentence imposed by [Judge] McDaniel on November 12, 1992. As noted by the Superior Court in its opinion filed at 957 WDA 2022, this [c]ourt is without jurisdiction to award the relief sought by [Bush]." Opinion, 8/28/24.

Bush filed a timely notice of appeal.[8] He raises the following issues for our consideration:

---

[8] On March 4, 2025, the trial court ordered Bush file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days. Thirty-five days later, on April 8, 2025, Bush filed his Rule 1925(b) statement, noting:

> Defendant only learned of this order from the court on April 1, 2025[,] as defendant never received the order via mail[,] but learned of it via phone conversation with the [c]lerk of [c]ourt. If conf[i]rmation is needed that defendant did not receive the court order from 3/4/25[,] defendant can provide this as all legal mail received at Albion Correctional Institution is recorded.

Pa.R.A.P. 1925(b) Statement, 4/8/25, at 1. Because there is no indication on the docket that the clerk of court gave the parties proper Pa.R.C.P. 236 notice of the court's Rule 1925(b) order, we decline to find that Bush has waived his

*(Footnote Continued Next Page)*

    (1)    Did the [c]ourt err in ruling that [it] lacked jurisdiction in
           this matter in violation of Pennsylvania [s]tatute and [l]aw
           [] as this is a separate matter than the claims raised in
           [Bush's] previous [w]rit of [h]abeas [c]orpus in 957 WDA
           2022[?]

    (2)    Are [Bush's] claims legitimately sounded in [h]abeas
           [c]orpus where there is no [original/legal s]entencing
           [o]rder or [s]entencing [t]ranscripts and where other
           evidence shows that [Bush's] current sentence conflicts with
           the guilty plea agreement as outlined in a letter from
           [Bush's] attorney at the time of sentencing in 1992[,] as
           well as the [s]entencing [m]inutes in this matter?

    (3)    Did [Bush] receive ineffective assistance of counsel where
           the [c]ourt did not hold an evidentiary hearing under
           [Pa.R.Crim.P.] 904(b) and 908 and appoint counsel for
           [Bush] in compliance with Pennsylvania [s]tatu[t]e and
           [l]aw?

Appellant's Brief, at 3.

A claim that a defendant's sentence is illegal due to the inability of the

DOC to produce a written sentencing order related to his or her judgment of

sentence constitutes a claim sounding in habeas corpus. *Joseph v. Glunt*,

96 A.3d 365, 368 (Pa. Super. 2014), citing *Brown v. Pa. Dep't. of Corr.*, 81

A.3d 814, 815 (Pa. 2013). *See also Warren v. DOC*, 616 A.2d 140, 142

(Pa. Cmwlth. 1992) (application for writ of habeas corpus requests applicant's

release from prison). Matters sounding in habeas corpus lie within the

jurisdiction and venue of the court of record from which the order of detention

came. *See* 42 Pa.C.S.A. § 6502. We review a trial court's order denying a

_____

issues on appeal due to his untimely Rule 1925(b) statement. *See* Pa.R.C.P.
236(b).

petition for a writ of habeas corpus for an abuse of discretion. **_Joseph_**, **_supra_** at 369.

Bush supports his illegal sentencing claim with the following statutory language, found in 42 Pa.C.S.A. § 9764(a)(8):

> (a) General rule.--Upon commitment of an inmate to the custody of the [DOC], the sheriff or transporting official shall provide to the institution's records officer or duty officer[]
>
> * * *
>
> (8) A copy of the sentencing order and any detainers filed against the inmate which the county has notice.

42 Pa.C.S.A. § 9764(a)(8). In **_Joseph_**, **_supra_**, our Court stated:

> The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention. None of the provisions of section 9764 indicate an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within.

**_Id._** at 371.

Bush does not dispute that he pled guilty and that he was sentenced on the basis of that plea. Additionally, the certified record contains the transcripts from Bush's guilty plea hearing and November 24, 1992 sentencing proceeding. **_See Travis v. Giroux_**, 83 A.3d 525 (Pa. Cmwlth. 2013) (Table)[9]

---

[9] We recognize, as did the panel in **_Joseph_**, that decisions of the Commonwealth Court are not binding upon this Court, but may be used as
*(Footnote Continued Next Page)*

- 7 -

(where defendant's sentence confirmed by certified record, subsection 9764(a)(8) provided no basis for relief even where DOC or trial court did not possess sentencing order). As our Court in *Joseph* acknowledged, "a record of the valid imposition of a sentence [is] sufficient authority to maintain a prisoner's detention notwithstanding the absence of a written sentencing order under [subsection] 9764(a)(8)." *Id.* at 372. Likewise, here, we conclude that the trial court did not abuse its discretion denying Bush's petition where the criminal docket and transcripts of his guilty plea and sentencing hearing confirm the imposition and legitimacy of Bush's sentence. *Joseph*, *supra*.[10]

Order affirmed.[11, 12]

_____

persuasive authority. *Joseph*, *supra* at 371. We also note that an unreported panel decision of the Commonwealth Court, issued after January 15, 2008, may be cited for its persuasive value. *See* Pa.R.A.P. 126(b).

[10] We find Bush's remaining claim of ineffectiveness of counsel waived for failure to raise it in his petition for a writ of habeas corpus. *See* Pa.R.A.P. 302(a).

[11] We may affirm the trial court's order on any basis. *Commonwealth v. Wilcox*, 174 A.3d 670, 674 n.4 (Pa. Super. 2017).

[12] We, herein, deny Bush's *pro se* "Motion to Unseal the Appeal and for Update on Status" as moot.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/9/2026